## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION

**CIVIL ACTION NO. 4:02CV-32-M**

**JIMMIE R. BURKLOW**                                               **PLAINTIFF**

**VS.**

**LOCAL 215 INTERNATIONAL**
**BROTHERHOOD OF TEAMSTERS, ET AL.**                  **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendant, Baskin-Robbins USA, Co., for summary judgment [DN 87]. Defendants, International Brotherhood of Teamsters and Teamsters Local No. 215, have joined Baskin-Robbins' motion for summary judgment [DN 95, DN 97]. Defendants, International Brotherhood of Teamsters, Teamsters Local No. 215, and Teamsters Local No. 783, have also renewed their original motions to dismiss [DN 94, 96, and DN 105], and Teamsters Local No. 783 has, in the alternative, filed a motion for summary judgment [DN 105]. Fully briefed, these matters are now ripe for decision.

### I. BACKGROUND

The Plaintiff filed this action pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq., relating to his pension funds. Plaintiff named as defendants a number of his former employers, his international and local unions (the Union Defendants), and two pension funds (Pension Fund Defendants) into which contributions were to have been made by his employers pursuant to collective bargaining agreements ("CBAs") between his employers and local unions.

From December, 1968, until March 15, 2001, the Plaintiff was employed by various entities[1] in occupations affording him membership in the International Brotherhood of Teamsters and, more specifically, Teamsters Locals 215 and 783. From 1968 to 1977 the Plaintiff was a member of Local 215 and worked under CBAs negotiated and entered into by his employer and that local union. In August, 1977, the Plaintiff transferred his affiliation to Local 783 and was thereafter subject to CBAs between his employer and that local union. Local 215 is based in Evansville, Indiana; Local 783 is based in Louisville, Kentucky. (Compl. paras 4-5.) The transfer of affiliation to Local 783 in August, 1977, coincided with the Plaintiff's commencement of employment with Baskin-Robbins on August 9, 1977. (See Compl., para. 11 & p. 5 n. 3.)

The complaint centers on the CBAs' requirement that his employer make periodic contributions on his behalf to various pension funds. (Complaint ¶ 14.) The Plaintiff alleges that he has not been provided with documentation verifying that contributions were made for the years 1972-77, (Complaint ¶ 17); that the International and Local Unions breached their fiduciary duties under ERISA and state law by failing to secure the employer contributions and/or to maintain records regarding those contributions, (Complaint ¶¶ 19-20, ERISA; Complaint ¶ 21, state law); and that the missing contributions have caused his pension accounts to be underfunded, (Complaint ¶ 23).

---

[1] The complaint lists American Dairy, Ideal American Dairy, Prairie Farms Dairy, and Baskin-Robbins as Defendants and the Plaintiff's employers during the period in question. It appears that some of these entities may have been permutations or successors of the same company. The only relief sought from these Defendants is for them to "furnish information." (See Compl., p.9 at para. B; see also id. para. 25.)

By a Memorandum Opinion and Order entered November 22, 2002, the Court dismissed without prejudice the Pension Fund Defendants, Central States, Southeast and Southwest Area Pension Fund and Midwestern Teamsters Pension Fund, because the Plaintiff had failed to exhaust the administrative remedies provided by the plan documents. The Court then stayed discovery in this matter until Plaintiff exhausted all administrative remedies against the Pension Fund Defendants.

By order dated January 18, 2005, Magistrate Judge E. Robert Goebel ordered every Defendant not previously dismissed without prejudice by the Court's November 22, 2002 Opinion to file a motion for summary judgment [DN 86]. Pursuant to this Order, Defendant Baskin-Robbins filed a motion for summary judgment. Likewise, the Union Defendants renewed their original motions to dismiss and Teamsters Local No. 783 also filed a motion for summary judgment.

## II. SUMMARY JUDGMENT STANDARD OF REVIEW

In order to grant a motion for summary judgment, the Court must find that the pleadings, together with the depositions, interrogatories and affidavits, establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The moving party bears the initial burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than simply show that there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Co., 475 U.S. 574, 586 (1986). The Rule requires the non-moving party to present "*specific facts* showing there is a *genuine* issue for trial." Fed. R. Civ. P. 56(e) (emphasis added). Moreover, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252.

### III. BASKIN-ROBBINS' MOTION FOR SUMMARY JUDGMENT

Defendant Baskin-Robbins now moves for summary judgment arguing that all claims against it should be dismissed because (1) Baskin-Robbins made all required contributions to Plaintiff's pension fund; (2) Plaintiff's state law claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"); (3) Baskin-Robbins is not a proper party defendant in Plaintiff's benefits claim as, under ERISA, the only proper defendant in a plan participant's action for benefits is the plan itself, or the plan administrator; and (4) as a plan beneficiary, Plaintiff lacks standing to sue his employer for allegedly unpaid contributions to the Central States Plan and/or the Midwestern Teamsters Plan.

Plaintiff does not address any of the legal arguments presented by the Defendant, Baskin-Robbins. Instead, Plaintiff states that "[a]lthough clearly Baskin Robbins may be an ERISA fiduciary under existing law, with the present facts available to [Plaintiff], it does not

4

appear that Baskin Robbins breached any fiduciary duty owed him." [DN 116]. Plaintiff argues that at this stage of the ligation, it appears that Baskin-Robbins has made all contributions required of it to the appropriate pension funds in issue. However, because formal discovery in this case has been stayed, Plaintiff requests that Baskin-Robbins be dismissed as a party, but without prejudice at this time.

In the Sixth Circuit, an employer is not a proper party defendant in an ERISA action to recover benefits unless the plaintiff demonstrates that the employer controlled the administration of the plan. Daniel v. Eaton Corp., 839 F.2d 263, 266 (6th Cir.)("Unless an employer is shown to control administration of a plan, it is not a proper party defendant in an action concerning benefits."), cert. denied, 488 U.S. 826 (1988). See also Best v. Nissan Motor Corp., 973 F. Supp. 770, 775 (M.D. Tenn. 1997); Hall v. Lhaco, Inc., 140 F.3d 1190, 1194 (8th Cir. 1998); Layes v. Mead Corp., 132 F.3d 1246, 1249 (8th Cir. 1998). The Plaintiff has not alleged in the complaint or argued in response to the motion for summary judgment that Baskin-Robbins is the plan administrator, took an active part in the administration of the plan, or had any control whatsoever over the plan. The obligation held by Baskin-Robbins was to make contributions to the pension fund. Given that Baskin-Robbins is neither the plan nor the plan administrator, Plaintiff's ERISA claim for recovery of benefits against it must fail as a matter of law.

Additionally, based on a review of the case law cited by the Defendant, it also appears that the Plaintiff lacks standing to sue his employer for the collection of unpaid contributions. A participant has standing to sue an employer for unpaid contributions only if the claim is

brought on behalf of the plan as a whole and as a derivative action. See, e.g., International Association of Fire Fighters, Local 2665 v. City of Clayton, 320 F.3d 849, 851 (8th Cir. 2003); Hartline v. Sheet Metal Workers' Nat'l Pension Fund, 134 F. Supp. 2d 1 (D.D.C. 2000), aff'd 286 F.3d 598 (D.C.Cir. 2002); Diduck v. Kaszycki & Sons Contractors, Inc., 974 F.2d 270, 287 (2d Cir. 1992). Plaintiff has not alleged that he is bringing suit for or on behalf of his pension plans. Rather, the complaint reflects that Plaintiff has brought suit only on behalf of himself.

Furthermore, the documents submitted by Plaintiff reflect that Baskin-Robbins made the required pension contributions during Plaintiff's employment with Baskin-Robbins. [DN 115 at Exhibits p. 50]. Accordingly, for the reasons set forth above, the Court finds that Defendant Baskin-Robbins is entitled to summary judgment on Plaintiff's ERISA claim. Plaintiff's claims against Baskin-Robbins are dismissed with prejudice.

### IV. UNIONS' MOTIONS TO DISMISS AND/OR FOR SUMMARY JUDGMENT

In addition to joining Baskin-Robbins' motion for summary judgment, Defendants, International Brotherhood of Teamsters, Teamsters Local No. 215, and Teamsters Local No. 783, also renewed their original motions to dismiss arguing that the Court should dismiss the Plaintiff's claims against them because (1) a union has no fiduciary duty to Plaintiff under ERISA; (2) the applicable statutes of limitations on Plaintiff's claims have run; and (3) Plaintiff's state law claims are preempted by ERISA. Defendant, International Brotherhood of Teamsters, also argues that it is entitled to dismissal of the claims against it because it was not a party or a signatory to the collective bargaining agreements.

In response to the current motions, Plaintiff states that his primary complaint in this case focuses upon the fact that no Defendant can locate any records that evidence any pension payments made for Plaintiff from October 21, 1971 through August 8, 1977. (Response at 5, DN 115.)  At all relevant times during this period, Plaintiff was employed by American Dairy.  According to Plaintiff, the Collective Bargaining Agreements in question were negotiated by International Brotherhood of Teamsters and Local No. 215 and provide for pension contributions by American Dairy to Central States, Southeast and Southwest Areas Pension Fund from 5/01/1970 to 10/20/1971, Central National Life Insurance Pension Fund from 10/21/1971 to 10/20/1974, and Midwestern Teamsters Pension Trust Fund from 10/21/1974 to 10/20/1977.

Plaintiff submits an affidavit of Earl Hotenstein, one of the owners of American Dairy, in which Mr. Hotenstein states that all required pension fund payments of American Dairy were made to the Teamsters Union office in Evansville, Indiana.  Specifically, Mr. Hotenstein states that

> In about 1969 or 1970 (I cannot remember the exact date), the Teamsters Union began representing the employees of American Dairy. From that time forward, . . . retirement and/or pension contributions were paid by American Dairy for my benefit as an employee and these payments were made to whichever retirement fund had an agreement with my Teamsters Local Union at that time.  I do not recall which retirement fund received these pension and/or retirement contributions, but I do remember they were regularly paid to the Teamsters Union office in Evansville, Indiana by my company, American Dairy.
> American Dairy paid all retirement and/or pension contribution for all employees as a benefit to them.  Jimmie Burklow should have received this benefit as an employee for all these years of his employment with American Dairy.

7

(Hotenstein Supplemental Affidavit at ¶ 2.) Based upon the above facts, Plaintiff argues that his claims should not be dismissed.

### A. Breach of Fiduciary Duty under ERISA

*Standard of Review*

In deciding a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the complaint must be liberally construed and viewed in the light most favorable to the plaintiff. A complaint cannot be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts to support its claim which would entitle it to relief. Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996), cert. denied, 520 U.S. 1251 (1997). Additionally, in ruling on a Rule 12(b)(6) motion, the Court may only consider facts in the pleadings. If a Court decides to consider matters outside the pleadings, the motion will be treated as one for summary judgment and disposed of as provided under Fed. R. Civ. P. 56. With respect to the breach of fiduciary duty claim, the parties relied on the Plaintiff's exhibits attached to his Response to support their respective positions. As a result, the Court will treat the current motions as they relate to the breach of fiduciary duty claim as motions for summary judgment and will utilize the summary judgment standard of review set forth above.

*Discussion*

Section 1132(a)(3) of ERISA permits an individual participant or beneficiary to maintain a private right of action for breach of fiduciary duty for "appropriate equitable relief." Allinder v. Inter-City Products Corp., 152 F.3d 544, 551 (6th Cir. 1998), cert. denied, 525 U.S. 1178 (1999); Moeckel v. Caremark RX Inc., 385 F. Supp. 2d 668, 678-679 (M.D.

Tenn. 2005); Ramsey v. Formica Corp., 2004 WL 1146334, *4 (S.D. Ohio April 6, 2004), aff'd, 398 F.3d 421 (6th Cir.), cert. denied, 126 S.Ct. 340 (2005)(citing Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 140 (1985)). See also Variety Corp. v. Howe, 516 U.S. 489 (1996).[2] Therefore, the Plaintiff can properly bring an action for breach of fiduciary duty pursuant to § 1132(a)(3) against a person that qualifies as a fiduciary under ERISA.

An entity is an ERISA fiduciary if it is specifically named as such by the plan documents, or if it "'exercises discretionary control or authority over the plan's management, administration, or assets.'" Michigan Affiliated Healthcare System, Inc. v. CC Systems Corp. of Michigan, 139 F.3d 546, 549 (6th Cir. 1998) (quoting Mertens v. Hewitt Associates, 508 U.S. 248, 251(1993)); Voyk v. Brotherhood of Locomotive Engineers, 198 F.3d 599, 605 (6th Cir. 1999) (employer was not an ERISA fiduciary where it was neither a named fiduciary nor the plan administrator, and it had no authority to interpret or administer the plan). Section 1002(21)(A) of ERISA provides that:

> a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan *or exercises any authority or control respecting management or disposition of its assets*, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A)(emphasis added).  Pursuant to 29 U.S.C. § 1002(9), "the term

---

[2] In contrast, "relief under § 1132(a)(2) is available only to the plan and not to individual participants and fiduciaries." Ramsey, 2004 WL 1146334, *4.

9

'person' means an individual, partnership, joint venture, corporation, mutual company, joint-stock company, trust, estate, unincorporated organization, association, or *employee organization*." (emphasis added). The term "employee organization" means "any labor union . . . ." 29 U.S.C. § 1002(4).

Given the above statutory authority and case law, a union can qualify as a fiduciary under ERISA if it is specifically named as such in the plan documents or if it exercises discretionary authority or control over the plan's management, disposition of assets, or administration. See 29 U.S.C. § 1002(21).[3]  Therefore, if one or more of the Union Defendants exercised control over plan assets, it may be liable under ERISA as a fiduciary. 29 U.S.C. § 1002(21)(A). Plaintiff has put forth evidence indicating that American Dairy made all the pension payments on behalf of the Plaintiff to the Local Teamsters Union in Evansville, Indiana, during the period in question. (Hotenstein Supplemental Affidavit at ¶ 2). Case law from other jurisdictions suggests that where a person, including a union, is entrusted with funds for the remittance to a pension fund, that person is acting in a fiduciary capacity under ERISA. See Phelps v. C.T. Enterprises, Inc., 394 F.3d 213, 219 (4th Cir. 2005)(where an employer is entrusted with employee funds for remittance to a claims administrator, the employer is acting in a fiduciary capacity under ERISA) (citing Broadnox

---

[3]The Union Defendants' reliance on Central States v. Central Transport, Inc., 472 U.S. 559 (1985), to support is argument that a union cannot serve as a fiduciary under ERISA is misplaced. The Supreme Court never addressed whether a union could qualify as an ERISA fiduciary under 29 U.S.C. § 1002(21)(A). Clearly, ERISA statutory provisions provide that a labor union, like any other entity or person, can qualify as a fiduciary under ERISA if the requirements of § 1002(21) are met. See also 29 U.S.C. § 1002(9) and § 1002(4) (for definitions of person and employee organization).

Mills, Inc. v. Blue Cross and Blue Shield of Virginia, 867 F. Supp. 398, 405 (E.D. Va. 1994)). Thus, the affidavit suggests an exercise of control over plan assets by the Evansville-based Teamsters Local No. 215 and potentially the International Brotherhood of Teamsters depending upon the relationship between the International and Local Unions.

Because discovery has been stayed in this action, the record does not contain any information indicating whether American Dairy actually made the required pension payments and/or to whom American Dairy made the pension payments for the 1971 to 1977 employment period of Plaintiff. Likewise, the parties have not produced any documents regarding payment by the Teamsters Local 215 of the alleged pension contributions forwarded to it by American Dairy. Finally, the record contains no information whatsoever regarding the Central National Life Insurance Pension Fund. Given the allegations made by Plaintiff in his response to the motions and given the limited discovery conducted in this case, the Court finds that genuine issues of material fact exist at this time with respect to Plaintiff's claims against Teamsters Local No. 215 and the International Brotherhood of Teamsters. As a result, summary judgment in favor of these Defendants is not appropriate at this time.

With respect to the claims against Teamsters Local No. 783, the Court finds that summary judgment in its favor is warranted. Teamsters Local No. 783, based out of Louisville, Kentucky, did not represent Plaintiff during the period in question, had no involvement with either American Dairy or Teamsters Local No. 215, and only became affiliated with Plaintiff when Plaintiff became employed by Baskin-Robbins in 1977.

11

Furthermore, Plaintiff submitted documents indicating that Baskin-Robbins made all required pension contributions while Plaintiff was employed by Baskin-Robbins and represented by Local No. 783. For these reasons, the motion by Teamsters Local No. 783 for summary judgment is granted.

### *B. State Law Claim*

ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). The Court previously dismissed the state common law breach of fiduciary claim alleged in the complaint finding the state law claim preempted by ERISA. (November 22, 2002, Memorandum Opinion at 9 n. 8.) The Court did so under the general proposition that the Plaintiff's action was a "claim for benefits" preempted by ERISA. However, given the evidence submitted by the Plaintiff, Plaintiff's claim against the Union Defendants is a not a recovery of benefits claim, but instead a breach of fiduciary duty claim. Therefore, the Court's dismissal of the state law breach of fiduciary duty claim was premature.

Ultimately, the initial question before the Court is whether the Union Defendants are deemed ERISA fiduciaries as defined in 29 U.S.C. §1002(21)(A). Clearly, to the extent discovery shows the Union Defendants to be ERISA fiduciaries, ERISA will preempt Plaintiff's state law claims against them. However, if the Union Defendants are not deemed plan fiduciaries under ERISA, the alleged conduct by the Defendants in this case might be entirely unrelated to and outside the scope of the ERISA plan and Plaintiff's state law claim for breach of fiduciary duty might not be preempted. See Penny/Ohlmann/Nieman, Inc. v.

Miami Valley Pension Corp., 399 F.3d 692, 699-701 (6th Cir. 2005); Paysource, Inc. v. Triple Crown Financial Group, 2005 WL 2095754 (E.D. Ky. August 29, 2005). As recognized above, it is unclear at this stage of the litigation whether the Union Defendants are ERISA fiduciaries. Therefore, the Court believes that the proper course of action is to reinstate the state law breach of fiduciary duty claim against the International Brotherhood of Teamsters and Teamsters Local No. 215. See, e.g, Prentiss v. Wasley Products, Inc., 2005 WL 563091 (D. Conn. March 9, 2005)(permitting ERISA and state law claim to be pled in the alternative); Toledo Blade Newspaper Unions-Blade Pension Plan v. Investment Performance Services, LLC, 373 F. Supp. 2d 735, 750 (N.D. Ohio 2005)(same). Permitting the Plaintiff's state law breach of fiduciary duty claim to proceed until after completion of discovery will give the parties an opportunity to answer the following questions: (1) whether the remaining Union Defendants are ERISA fiduciaries; (2) if not, whether the Union Defendants breached any state law fiduciary duties owed from a union to its members; and (3) whether the state law breach of fiduciary duty claim is preempted by ERISA.

For these reasons, the Court reinstates the state law breach of fiduciary duty claim against the International Brotherhood of Teamsters and Teamsters Local No. 215.

### C. *Remaining Issues*

When the Court originally considered the Union Defendants remaining arguments, the Court held that

> the Court can not say at this time that it has been "established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." . . . Nor can the Court say that the complaint clearly

> shows on its face that relief is barred by the statute of limitations, . . . or that the fact that the International Union is not a signatory to the collective bargaining agreements precludes recovery against it.

(November 22, 2002 Memorandum Opinion and Order at 11.) Nothing has changed in the status of this case or the arguments of the parties to merit a change in the original decision of this Court denying the motions to dismiss on these grounds. For these reasons, the motions to dismiss on these grounds are denied.

## V. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by Baskin-Robbins for summary judgment [DN 87] is **granted**. **IT IS FURTHER ORDERED** that the motions by Defendants, International Brotherhood of Teamsters and Teamsters Local No. 215, [DN 94, DN 95, DN 96, DN 97] are **denied** and the motion by Defendant, Teamsters Local No. 783 [DN 105] is **granted.** The state law claim for breach of fiduciary duty against the International Brotherhood of Teamsters and Teamsters Local No. 215 is reinstated.

cc: counsel of record