UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:02CV-32-M

JIMMIE R. BURKLOW                                                    PLAINTIFF

VS.

LOCAL 215 INTERNATIONAL
BROTHERHOOD OF TEAMSTERS, ET AL.                          DEFENDANTS

MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendants International Brotherhood of Teamsters and Teamsters Local No. 215 to dismiss, or in the alternative, for summary judgment [DN 136]; on motions by Defendant Central States, Southeast and Southwest Areas Pension Fund, to dismiss Counts II and III of Plaintiff's Amended Complaint [DN 145] and for judgment on the administrative record [DN 146]; on a motion by Defendants International Brotherhood of Teamsters and Teamsters Local No. 215 (hereinafter "Union Defendants") for oral argument on their motion to dismiss [DN 160]; and on a motion by Plaintiff Jimmie R. Burklow to permit discovery pursuant to Fed. R. Civ. P. 56(f) [DN 170]. Fully briefed, these matters are now ripe for decision.

I. BACKGROUND

The Plaintiff filed his original Complaint on February 8, 2002, pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq., relating to his pension funds. Plaintiff named as defendants a number of his former employers, his

international and local unions, and two pension funds into which contributions were to have been made by his employers pursuant to collective bargaining agreements ("CBAs") between his employers and local unions.

From December, 1968, until March 15, 2001, the Plaintiff was employed by various entities in occupations affording him membership in the International Brotherhood of Teamsters and, more specifically, Teamsters Locals 215 and 783. From 1968 to 1977, the Plaintiff worked for American Diary, was a member of Local 215 and worked under CBAs negotiated and entered into by his employer and that local union. Plaintiff asserts that under the terms of the collective bargaining agreements between Local 215 and American Diary, American Diary contributed money to Central States Pension Fund from May 1, 1970 to October 20, 1971; to Central National Life Insurance Pension Fund from October 21, 1971 to October 20, 1974; and to Midwestern Teamsters Pension Trust Fund from October 21, 1974 to August 8, 1977. In August of 1977, the Plaintiff transferred his affiliation to Local 783 and was thereafter subject to CBAs between his employer and that local union. The transfer of affiliation to Local 783 in August, 1977, coincided with the Plaintiff's commencement of employment with Baskin-Robbins on August 9, 1977. Pursuant to the terms of the collective bargaining agreement between Local No. 783 and Baskin-Robbins, Baskin-Robbins contributed money to Central States Pension Fund from August 8, 1977 to March 15, 2001, the date the Baskin-Robbins plant closed.

The Plaintiff asserts an ERISA benefits claim pursuant to the civil enforcement provisions in § 502(a)(1)(B) of ERISA against Central States and Midwestern alleging that

these Pension Funds have wrongfully denied him the full pension benefits which he has earned.  Additionally, Plaintiff asserts claims against all the Defendants alleging that he has not been provided with documentation verifying that contributions were made for the years 1972-77; that the Defendants breached their fiduciary duties under ERISA and state law by failing to secure the employer contributions and/or to monitor or maintain records regarding those contributions; and that the missing contributions have caused his pension accounts to be underfunded.  Plaintiff also alleges that the Defendants violated the civil enforcement provisions in ERISA, 29 U.S.C. § 1132(c), by not supplying him with requested information. He also seeks penalties and fees against the Defendants.

By Memorandum Opinion and Order entered November 22, 2002, the Court dismissed without prejudice the Pension Fund Defendants, Central States, Southeast and Southwest Area Pension Fund and Midwestern Teamsters Pension Fund, because the Plaintiff had failed to exhaust the administrative remedies provided by the plan documents. The Court denied the motions to dismiss filed by the Union Defendants.  The Court then stayed discovery in this matter until Plaintiff exhausted all administrative remedies against the Pension Fund Defendants.   In January of 2005, Magistrate Judge E. Robert Goebel ordered all remaining Defendants to file dispositive motions.  Pursuant to that Order, Defendant Baskin-Robbins filed a motion for summary judgment,  the Union Defendants renewed their original motions to dismiss, and Teamsters Local No. 783 also filed a motion for summary judgment.  By Memorandum Opinion and Order dated November 28, 2005, the Court granted summary judgment in favor of Defendants, Baskin-Robbins and Teamsters Local No. 783, and denied

3

the renewed motion to dismiss by the Union Defendants.

Thereafter, Plaintiff and the Union Defendants agreed to hold depositions in this case which were conducted on February 23 and 24, 2006. Following the depositions, Plaintiff filed a motion for leave to file a First Amended Complaint.  Plaintiff requested leave to "'rejoin and reinstate" Central States and Midwestern as defendants asserting that Plaintiff had exhausted his administrative remedies against these parties.   By Order dated March 21, 2006, the Court granted the motion and Plaintiff's Amended Complaint was filed.

In response to Plaintiff's Amended Complaint, the Union Defendants filed a motion to dismiss the complaint, or in the alternative for summary judgment.[1]  In response, Plaintiff filed a motion for discovery pursuant to Fed. R. Civ. P. 56(f).  Additionally, Central States filed a motion for judgment on the administrative record and a motion to dismiss Plaintiff's breach of fiduciary duties claims.  The Court shall address these motions in turn.

## II.  UNIONS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendants, International Brotherhood of Teamsters and Teamsters Local No. 215, have renewed their previous motions to dismiss arguing that the Court should dismiss the Plaintiff's claims against them because (1) a union has no fiduciary duty to Plaintiff under

---

[1]      After the agreed depositions were taken between the Union Defendants and Plaintiff, the Plaintiff sent written discovery requests to the Union Defendants.  On March 24, 2006, the Union Defendants filed a motion for a protective order arguing that a scheduling order had not been issued in the case.  On June 14, 2006, Magistrate Judge Goebel granted the protective order and suggested that where appropriate, Plaintiff could avail himself of Fed. R. Civ. P. 56(f) in responding to pending dispositive motions.

4

ERISA; (2) the applicable statutes of limitations on Plaintiff's claims have run; and (3) Plaintiff's state law claims are preempted by ERISA. Defendant, International Brotherhood of Teamsters, also argues that it is entitled to dismissal of the claims against it because it was not a party or a signatory to the collective bargaining agreements.

In response, Plaintiff requests the Court to allow him to conduct discovery before being required to respond to Defendants' Motion for Summary Judgment. Fed. R. Civ. P. 56(f) permits a court to allow discovery prior to ruling on a motion for summary judgment if "it appear[s] from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition . . . ." The Sixth Circuit has "interpreted Rule 56(f) as requiring a party opposing a summary judgment motion to file an affidavit that 'indicate[s] to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information.'" Gettings v. Building Laborers Local 310, 349 F.3d 300, 305 (6th Cir. 2003); Cacevic v. City of Hazel Park, 226 F.3d 483, 488 (6th Cir. 2000).

The affidavit submitted by the Plaintiff meets the requirements imposed by Fed. R. Civ. P. 56(f). Plaintiff's affidavit states that he cannot present all the facts he needs to properly respond to the dispositive motion until he obtains discovery. Plaintiff also identifies some of the material facts he hopes to uncover. Finally, Plaintiff accurately states that because of the stay of discovery issued by this Court, he was unable to conduct any discovery. As a result, the Court finds that the Plaintiff is entitled to conduct discovery before being required to respond to Defendants' Motion for Summary Judgment.

Because no scheduling order has been entered in this case, this matter is referred to Magistrate Judge E. Robert Goebel for a scheduling conference to develop a litigation plan. The resolution of this case has been prolonged due the parties' numerous requests for extensions of time.  Given the nature of the initial written discovery requests, the Court believes discovery in this case can be completed in a reasonable length of time.  To accomplish this, the deadlines set forth by the Magistrate Judge for completion of discovery and for filing of dispositive motions should be strictly followed.

Accordingly, the motion by Plaintiff for discovery from the Union Defendants under Rule 56(f) is granted and the Union Defendants' motion to dismiss, or in the alternative, for summary judgment is denied without prejudice, subject to refiling pending completion of discovery.

### III.  CENTRAL STATES' MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD

On March 24, 2006, Plaintiff filed an Amended Complaint against Central States asserting various claims under the civil enforcement provisions of ERISA, 29 U.S.C. § 1132. Pursuant to the guidelines for the disposition of ERISA cases stated in <u>Wilkins v. Baptist Healthcare Systems, Inc.</u>, 150 F.3d 609 (6th Cir. 1998), Defendant Central States requests that Judgment be entered on the Administrative Record in favor of the Defendant on all Plaintiff's claims for recovery of benefits brought pursuant to 29 U.S.C. § 1132(a)(1)(B).

In response to Central States' Motion for Judgment on the Administrative Record, the Plaintiff seeks limited discovery from Central States in an effort to show a denial of due

process on the part of Central States which allegedly affected Central States' ability to fairly and accurately evaluate Plaintiff's claim for pension benefits. Plaintiff has also requested limited discovery from Midwestern. (Amended Complaint at ¶ 26; Response at 2-3).

"In actions filed under ERISA seeking review of a denial of benefits, . . . the usual discovery parameters do not apply." Bennett v. Unum Life Insurance Company of America, 321 F. Supp. 2d 925, 928 (E.D. Tenn. 2004). In such cases, a court's review of a decision to deny benefits under a qualified employee benefit plan is limited generally to the administrative record. Id.; Meyers v. Bridgestone/Firestone Long-Term Disability Benefits Plan, 2004 WL 1501631 (E.D. Tenn. June 17, 2004)(citing Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101 (1989). "The only exception to the above principle of not receiving new evidence at the district court level arises when consideration of that evidence is necessary to resolve an ERISA claimant's procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part." Wilkins v. Baptist Health Care Systems, Inc., 150 F.3d 609, 618 (6th Cir. 1998).

In this case, Plaintiff has alleged a denial of due process on the part of both Central States and Midwestern. Specifically, Plaintiff contends that both the Central States and Midwestern administrative decisions are obviously skewed because they were based upon only the available and recorded contributions paid, instead of all the contributions paid by Plaintiff's employer pursuant to the respective collective bargaining agreements. Plaintiff seeks discovery from both Central States and Midwestern regarding their knowledge of the past or present existence of Central National Life Insurance, its successors, and/or any of its

trust funds it was to maintain for Plaintiff's retirement.  Plaintiff also requests discovery related to any contributions made on behalf of Plaintiff between October 21, 1971 and October 20, 1977.  Additionally, Plaintiff seeks discovery related to the existence of any reciprocal agreements between Central States, Central National and Midwestern.

Clearly, Plaintiff has alleged specific procedural challenges to the Pension Funds' decisions to deny full pension benefits and has identified the information necessary to establish a denial of due process.  Therefore, the Court finds that Plaintiff is entitled to limited discovery regarding these issues only.  See Wilkins, 150 F.3d 609; Myers, 2004 WL 1501631, *1.  Discovery is to be strictly limited to information regarding the specifically alleged procedural challenges.[2]

For these reasons, the motion by Defendant, Central States, for Judgment on the Administrative Record is denied as premature.  The request by Plaintiff, Jimmie Burklow, to take limited discovery is granted.  This matter is referred to Magistrate Judge E. Robert Goebel for a scheduling conference to be held between Plaintiff, Central States, and Midwestern for the purpose of establishing the deadlines for the limited discovery and the deadlines for filing the motions for judgment on the administrative record.

## IV.  CENTRAL STATES' MOTION TO DISMISS COUNTS II AND III

In addition to a recovery of benefits claim, Plaintiff asserts breach of fiduciary duty

---

[2] In order to keep the Plaintiff's claims for recovery of benefits against Central States and Midwestern on the same litigation plan, the Court considered the Plaintiff's procedural challenge to Midwestern's decision as well.  Given that Plaintiff seeks the same information from both Pension Funds, the Court will permit limited discovery as against Midwestern as well.

claims against Central States brought under 29 U.S.C. § 1132(a)(3) of ERISA and state law. As discussed above, Plaintiff alleges that he worked on an uninterrupted basis from December 3, 1968, through March 15, 2001. Pursuant to the terms of the various collective bargaining agreements, his employers were required to make contributions to pension funds, including Central States.   In Count II and Count III of the complaint, Plaintiff alleges that Central States, along with the other Defendants, breached their fiduciary duties because they failed to secure timely contributions by American Diary; failed to maintain and/or monitor appropriate records of pension contributions for the years he was employed; and failed to account for and appropriate to Plaintiff's benefit the pension/retirement funds paid by American Diary.   Central States has moved to dismiss both breach of fiduciary claims arguing that (1) because the Plaintiff has an alternative remedy of a claim for improper denial of benefits under 29 U.S.C. § 1132(a)(1)(B), that an ERISA breach of fiduciary claim is improper; and (2) that the Plaintiff's state law fiduciary breach claim is preempted by ERISA.

### A.  Standard of Review

In deciding a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the complaint must be liberally construed and viewed in the light most favorable to the plaintiff.  A complaint cannot be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts to support its claim which would entitle it to relief.  Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996), cert. denied, 520 U.S. 1251 (1997).  In ruling on a Rule 12(b)(6) motion, the Court may only consider facts in the pleadings.

### B.  ERISA Breach of Fiduciary Duty Claim

Section 1132(a)(3) of ERISA permits an individual participant or beneficiary to maintain a private right of action for breach of fiduciary duty for "appropriate equitable relief." Allinder v. Inter-City Products Corp., 152 F.3d 544, 551 (6th Cir. 1998), cert. denied, 525 U.S. 1178 (1999).  See also Variety Corp. v. Howe, 516 U.S. 489 (1996).[3]  Specifically, § 1132(a)(3) provides that "[a] civil action may be brought (3) by a participant . . . (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."  29 U.S.C. § 1132(a)(3).  However, "a participant cannot seek equitable relief for a breach of fiduciary duty under the catchall provision of [§ 1132(a)(3)] if the alleged violations are adequately remedied under other provisions of [§ 1132]."  Marks v. Newcourt Credit Group, Inc., 342 F.3d 444, 454 (6th Cir. 2003).  See also Wilkins v. Baptist Healthcare Sys., Inc., 150 F.3d 609, 615 (6th Cir. 1998)("The Supreme Court clearly limited the applicability of § 1132(a)(3) to beneficiaries who may not avail themselves of § 1132's other remedies." Id. at 615 (citing Varity, 516 U.S. at 512)).

Central States argues that since the Plaintiff is entitled to seek relief under §1132(a)(1)(B), he may not also seek relief for breach of fiduciary duty against Central States

---

[3]In contrast, "relief under § 1132(a)(2) is available only to the plan and not to individual participants and fiduciaries." Ramsey v. Formica Corp., 2004 WL 1146334, *4 (S.D. Ohio April 6, 2004), aff'd 398 F.3d 421 (6th Cir. 2005).

under § 1132(a)(3), and as a result, Plaintiff's ERISA breach of fiduciary duty claim should be dismissed.  Central States maintains that to allow Burklow to proceed with a claim for individual relief for a fiduciary breach would allow him "to simply characterize a denial of benefits as a breach of fiduciary duty, a result which the Supreme Court expressly rejected." Wilkins, 150 F.3d at 616.

The Sixth Circuit in Hill v. Blue Cross and Blue Shield of Michigan, 409 F.3d 710 (6th Cir. 2005), recognized that under some circumstances an ERISA plaintiff may simultaneously bring claims under both § 1132(a)(1)(B) and § 1132(a)(3). Id. at 718.  See also Asgaard v. Pension Committee, 2006 WL 2948074, *11 (W.D. Mich. October 13, 2006); Gore v. El Paso Energy Corporation Long Term Disability Plan, 2005 WL 2738918, *6 (M.D. Tenn. 2005).   In Hill, the Sixth Circuit determined that the plaintiff's claims for breach of fiduciary duty were not merely repackaged claims for denial of benefits, but instead were claims that arose "out of asserted defects in plan-wide claims handling procedures." Hill, 409 F.3d at 718.

At this stage of the litigation, the Court cannot conclude that Central States' alleged breach of fiduciary duties can be adequately remedied under Burklow's § 1132(a)(1)(B) denial of benefits claim.  Contrary to the Defendant's argument, Plaintiff does not merely allege a denial of ERISA benefits in his amended complaint.  Instead, Plaintiff alleges that Central States breached its fiduciary duties under ERISA by failing to secure pension contributions paid by American Dairy and failing to monitor and maintain records of those pension contributions.   Given Central States' assertion that Plaintiff was not a plan

11

participant in the Central States Pension Fund between 1971 and 1977, any breach of fiduciary duties associated with the pension contributions paid by American Dairy during this time period would not necessarily relate to Central States' denial of benefits or point to the same remedy as Plaintiff seeks under Count I.  Thus, the alleged wrongful actions referred to in Count II do not appear to constitute repackaged claims for denial of benefits.  Furthermore, given the allegations made by Plaintiff and given the limited discovery conducted in this case,  the Court is unable at this time to conclude that Central States did not breach any fiduciary duties related to these pension contributions.

For these reasons, the Court finds that Burklow can maintain both a claim for breach of fiduciary duty under § 1132(a)(3) and a claim for benefits under the terms of the plan pursuant to § 1132(a)(1)(B).[4]  Whether Plaintiff will be able to prove a breach of fiduciary duty by Central States and what equitable relief the Plaintiff is entitled to recover under this claim are issues to be decided after discovery in this case.  Therefore, the motion by Central States to dismiss Plaintiff's ERISA breach of fiduciary duty claim is denied.

### C.  State Law Breach of Fiduciary Duty Claim

ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a).  "[W]hen a state law claim may fairly

---

[4]Section 1132(a)(1)(B) "specifically provides a remedy for breaches of fiduciary duty with respect to the interpretation of plan documents and the payment of claims," Variety, 516 U.S. at 512.  In as much as Plaintiff is alleging these types of breaches, Plaintiff's §1132(a)(1)(B) claim provides an adequate remedy and would be precluded pursuant to Variety and Wilkins.

be viewed as an alternative means of recovering benefits allegedly due under ERISA, there will be preemption." Briscoe v. Fine, 444 F.3d 478, 498 (6th Cir. 2006) (citation omitted). A Plaintiff may not evade ERISA's expansive preemption by "merely attach[ing] new, state-law labels to the ERISA claims for breach of fiduciary duty and recovery benefits, for the apparent purpose of obtaining remedies that Congress has chosen not to make available under ERISA." Smith v. Provident Bank, 170 F.3d 609, 615 (6th Cir. 1999). See also Harvey v. Life Ins. Co. of North America, 404 F. Supp. 2d 969, 975 (E.D. Ky. 2005).

Central States argues that Plaintiff's state-law breach of fiduciary duty claim stems from the actions of Central States in the processing of Burklow's claim for benefits. As a result, Central States maintains that the Plaintiff's state law fiduciary breach claim is preempted by ERISA. See Smith, 170 F.3d at 613.

At this stage of the litigation, the Court cannot conclude that ERISA preempts the state law claim. As discussed above, the facts alleged in the amended complaint could support a breach of fiduciary duty claim. Clearly, if discovery reveals that Central States qualifies as a fiduciary under ERISA with respect to the pension contributions paid by American Dairy between 1971 and 1977, then Plaintiff's state-law breach of fiduciary duty claim is preempted. However, given the lack of discovery in this matter, the Court finds that the prudent course is to deny the current motion to dismiss and permit discovery on all the breach of fiduciary duty claims. After completion of discovery, the parties can then revisit whether ERISA preempts Plaintiff's state-law breach of fiduciary duty claim.

For these reasons, the Defendant's motion to dismiss the state law claim is denied.

This matter is referred to Magistrate Judge Goebel for a scheduling conference to develop a litigation plan between the Plaintiff and all the Defendants regarding the breach of fiduciary duty claims alleged in Counts II and III of the Complaint.

## V.  CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** as follows:

1.      The motion by Defendants, International Brotherhood of Teamsters and Teamsters Local No. 215, to dismiss, or in the alternative, for summary judgment [DN 136] is **denied without prejudice**.  The motion by Plaintiff Jimmie R. Burklow to permit discovery against the Union Defendants pursuant to Fed. R. Civ. P. 56(f) [DN 170] is **granted**.  This matter is referred to the Magistrate Judge for a scheduling conference to develop a litigation plan consistent with this Opinion.

2.      The motion by Defendant, Central States, Southeast and Southwest Areas Pension Fund, to dismiss Counts II and III of Plaintiff's Amended Complaint [DN 145] is **denied**.   This matter is referred to the Magistrate Judge for a scheduling conference to develop a litigation plan.

3.      The motion by Defendant, Central States, Southeast and Southwest Areas Pension Fund, for Judgment on the Administrative Record [DN 146] is **denied as premature**.  The request by Plaintiff, Jimmie Burklow, to take limited discovery against both Central States and Midwestern is **granted**.  This matter is referred to the Magistrate Judge for a scheduling conference to establish deadlines for the limited discovery consistent with this Opinion.

14

4.      The motion by Defendants, International Brotherhood of Teamsters and Teamsters Local No. 215, for oral argument on their motion to dismiss [DN 160] is **denied**.

cc: counsel of record