**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION**

**CIVIL ACTION NO. 4:02CV-32-M**

**JIMMIE R. BURKLOW**  PLAINTIFF

**VS.**

**LOCAL 215 INTERNATIONAL
BROTHERHOOD OF TEAMSTERS, ET AL.**  DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion by Defendants, International Brotherhood of Teamsters and Teamsters Local No. 215, to dismiss, or in the alternative, for summary judgment [DN 219] and on a motion by Plaintiff, Jimmie Burklow, for partial summary judgment on the issues of liability against Teamsters Local No. 215 and the International Brotherhood of Teamsters [DN 225]. Fully briefed, these matters are now ripe for decision.

**I. BACKGROUND**

The Plaintiff filed his original Complaint on February 8, 2002, pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq., relating to his pension funds. Plaintiff named as defendants his former employers, his international and local unions, and two pension funds into which contributions were to have been made by his employers pursuant to collective bargaining agreements ("CBAs") between his employers and local unions.

In his Amended Complaint, Plaintiff alleges that he worked on an uninterrupted basis

from December 3, 1968 through March 15, 2001, under Teamster Union collective bargaining agreements which required pension contributions to be made on his behalf and, as a result, he is entitled to the "full pension benefits due him." (Amended Complaint at ¶¶ 11-16.) In particular, Plaintiff contends that, although all required contributions were timely paid for him as required by the collective bargaining agreements, "no records exist for any such payments made by American Dairy for [him] from late 1971 until mid 1977." (Id. at ¶ 20.) Burklow claims that Central States, Central National Life Insurance Pension Fund, and Midwestern Teamsters Pension Trust Fund should have received contributions on his behalf. (Id. at ¶ 21.) Central National has not been located and is not a party to this lawsuit.

Based upon these factual allegations, the Plaintiff asserts an ERISA benefits claim pursuant to the civil enforcement provisions in § 1132(a)(1)(B) of ERISA against Central States and Midwestern alleging that these Pension Funds have wrongfully denied him the full pension benefits which he has earned. Additionally, Plaintiff asserts claims against all the Defendants alleging that he has not been provided with documentation verifying that contributions were made for the years 1972 through 1977; that the Defendants breached their fiduciary duties under ERISA and state law by failing to secure the employer contributions and/or to monitor or maintain records regarding those contributions; and that the missing contributions have caused his pension accounts to be underfunded. Plaintiff also alleges that the Defendants violated the civil enforcement provisions in ERISA, 29 U.S.C. § 1132(c), by not supplying him with requested information. He also seeks penalties and attorney's fees against the Defendants.

The parties have now filed numerous dispositive motions in this matter. The Court will address all motions relating to the Union Defendants in this Memorandum Opinion and Order.

## II. STANDARD OF REVIEW

Defendants, International Brotherhood of Teamsters and Teamsters Local No. 215, have filed a motion to dismiss, or in the alternative for summary judgment. Plaintiff filed a motion for partial summary judgment on the issues of liability against Teamsters Local No. 215 and the International Brotherhood of Teamsters. Because both parties have presented matters outside of the pleadings, the Court shall treat Defendants' motion to dismiss as one for summary judgment and dispose of the motion as provided in Fed. R. Civ. P. 56. See Fed. R. Civ. P. 12(b)(6), (d); Shelby County Health Care Corp. v. Southern Council of Industrial Workers Health and Welfare Trust Fund, 203 F.3d 926, 931 (6th Cir. 2000).

In order to grant a motion for summary judgment, the Court must find that the pleadings, together with the depositions, interrogatories and affidavits, establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The moving party bears the initial burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The inquiry under Fed. R. Civ. P. 56(c) is

"whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52 (1986). See also Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than simply show that there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Co., 475 U.S. 574, 586 (1986). The Rule requires the non-moving party to present "*specific facts* showing there is a *genuine* issue for trial." Fed. R. Civ. P. 56(e) (emphasis added). Moreover, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252.

### III.  DISCUSSION

Plaintiff, Jimmie Burklow, was employed by American Dairy and was a member of Teamsters Local No. 215 from December 3, 1968 to August 8, 1977. American Dairy was a signatory to collective bargaining agreements with Teamsters Local No. 215. The terms of the collective bargaining agreements between Teamsters Local No. 215 and American Dairy required American Dairy to contribute money to Central States Pension Fund for its employees from May 1, 1970 to October 20, 1971; to Central National Life Insurance Pension Fund from October 21, 1971 to October 20, 1974; and to Midwestern Teamsters Pension Trust Fund from October 21, 1974 to October 20, 1977. Pension contributions were calculated and recorded by American Dairy personnel and were then subsequently made by

American Dairy directly to the particular pension plans. (Wilma Madison Deposition at 4, 13.) Central States has a record of all contributions made by American Dairy on behalf of Burklow from May 1, 1970 to October 20, 1971. Central National Life Insurance Pension Fund has not been located and no records have been obtained reflecting contributions made on behalf of Burklow. Midwestern has no records of contributions made by American Dairy on behalf of Burklow as well.

Plaintiff alleges that the Union Defendants breached their fiduciary duties because they failed to secure timely contributions by American Dairy; failed to maintain and/or monitor appropriate records of pension contributions for the years he was employed; and failed to account for and appropriate to Plaintiff's benefit the pension/retirement funds paid by American Dairy.

The Union Defendants now move for summary judgment arguing that all claims against them should be dismissed because (1) the Union Defendants are not fiduciaries under ERISA; (2) Plaintiff's state law claims are preempted by ERISA; and (3) the applicable statutes of limitations on Plaintiff's claims have run. Defendant, International Brotherhood of Teamsters, also argues that it is entitled to dismissal of the claims against it because it was not a party or a signatory to the collective bargaining agreements.

**A.  ERISA Fiduciaries**

Plaintiff argues that the Union Defendants qualify as ERISA fiduciaries. Specifically, Plaintiff asserts that the Union Defendants solely negotiated the collective bargaining agreements, set the terms of the agreements, selected the company to serve as the provider

of benefits to the union members, and actually collected these contributions from American Dairy. Additionally, Plaintiff contends that the Union Defendants specifically retained the power and authority to represent its members in all their pension disputes with selected Teamster Pension Funds and retained the authority to remedy any delinquency in payment of the pension contributions. Plaintiff points to Teamsters Local No. 215 Business Agent Charles McDonald testimony that if the required pension plan contributions had not been made by American Dairy, it would have been his job to try and resolve the issue.[1] Further, Plaintiff points to Local 215's attempt to obtain information regarding American Dairy employees' pension benefits during 1978 and 1979 when American Dairy was bought by Prairie Farms/Ideal Dairy. Plaintiff argues that these facts demonstrate that the Union Defendants exercised clear discretionary authority and control over the benefit plans and their administration, and, thus, qualify them as fiduciaries under ERISA.

Section 1132(a)(3) of ERISA permits an individual participant or beneficiary to maintain a private right of action for breach of fiduciary duty for "appropriate equitable relief." Allinder v. Inter-City Products Corp., 152 F.3d 544, 551 (6th Cir. 1998); Moeckel v. Caremark RX Inc., 385 F. Supp. 2d 668, 678-679 (M.D. Tenn. 2005); Ramsey v. Formica Corp., 2004 WL 1146334, *4 (S.D. Ohio April 6, 2004)(citing Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 140 (1985)). See also Varity Corp. v. Howe, 516 U.S. 489

---

[1] Significantly, McDonald also testified that he couldn't remember there ever being such a problem. (Charles McDonald Deposition at 23, 25-26.)

(1996). Therefore, the Plaintiff can properly bring an action for breach of fiduciary duty pursuant to § 1132(a)(3) against a person that qualifies as a fiduciary under ERISA.

An entity is an ERISA fiduciary if it is specifically named as such by the plan documents, or if it "'exercises discretionary control or authority over the plan's management, administration, or assets.'" Michigan Affiliated Healthcare System, Inc. v. CC Systems Corp. of Michigan, 139 F.3d 546, 549 (6th Cir. 1998) (quoting Mertens v. Hewitt Associates, 508 U.S. 248, 251(1993)); Voyk v. Brotherhood of Locomotive Engineers, 198 F.3d 599, 605 (6th Cir. 1999) (employer was not an ERISA fiduciary where it was neither a named fiduciary nor the plan administrator, and it had no authority to interpret or administer the plan). Section 1002(21)(A) of ERISA provides that:

> a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A)(emphasis added). Pursuant to 29 U.S.C. § 1002(9), "the term 'person' means an individual, partnership, joint venture, corporation, mutual company, joint-stock company, trust, estate, unincorporated organization, association, or *employee organization*." (emphasis added). The term "employee organization" means "any labor union . . . ." 29 U.S.C. § 1002(4). Given the above statutory authority and case law, a union can qualify as a fiduciary under ERISA if it is specifically named as such in the plan

7

documents or if it exercises discretionary authority or control over the plan's management, disposition of assets, or administration. See 29 U.S.C. § 1002(21). See also Bouboulis v. Transport Workers Union of America, 442 F.3d 55, 63 (2d Cir. 2006).

After a review of the record and consideration of the parties' arguments, the Court finds that the Union Defendants do not qualify as ERISA fiduciaries under the facts of this case. The Plaintiff has presented no evidence that the Union Defendants are a named fiduciary or the plan administrator under any of the pension plans in question. Plaintiff has put forth no evidence that Union Defendants exercised any discretionary authority or control over the management, administration, or interpretation of the plans in question. Similarly, Plaintiff has submitted no evidence that the Union Defendants had any discretionary authority or control of the management or disposition of plan assets. See Wright v. Oregon Metallurgical Corp., 360 F.3d 1090, 1101 (9th Cir. 2004).

First, contrary to Plaintiff's argument, the collective bargaining agreements do not create an ERISA fiduciary duty on the part of the Union Defendants. Plaintiff cites the collective bargaining agreement for the period of October 21, 1968 through October 20, 1971, in support of his position which provides:

> in the event any Employer is delinquent at the end of the period in the payment of his contributions to the Health and Welfare or Pension Fund or Funds created under this contract, in accordance with the rules and regulations of the Trustees of such Funds, the employees or their representatives, after the proper official of the Local Union shall have given seventy-two (72) hours' notice to the Employer of such delinquency in Health and Welfare and Pension payments, shall have the right to take such action as they deem necessary until such delinquent payments are made, and it is further agreed that in the event such action is taken the Employer shall be responsible to the employees for

losses resulting therefrom.

(Collective Bargaining Agreement between Local 215 and American Dairy, October 21, 1968 and October 20, 1971, Article VII, Section 6.) Plaintiff argues that the language contained in this collective bargaining agreement gave Burklow or his representative, Teamsters Local No. 215, the contractual right to take such action necessary to insure delinquent payments to the pension fund were made.

This provision does not support Plaintiff's argument. The term "representatives" does not appear to reference Teamsters Local No. 215. The contract clearly states that any references within the contract to the Teamsters Local Union No. 215, their representatives successors and assigns will be "hereinafter called the 'Union.'" (Id. at 1.) Therefore, the collective bargaining agreement advises that in the event of an employer pension contribution delinquency, after the Teamsters Local No. 215 had given 72 hours' notice to the employer, the employees or their representatives had the right to take such action as necessary. The right to take action is the employee's right, not the Union. Under the collective bargaining agreement, the employer then becomes responsible to the employee for any losses.

Second, Plaintiff also seems to suggest that the presence of Union Trustees on the Board of Trustees of the Pension Funds established ERISA fiduciary status on the Union Defendants. Specifically, Plaintiff cites to Midwestern Pension Plan which permits Teamsters Local No. 215 to select two members "who shall be appointed by the Union and shall act as Employee Trustees." (Midwestern Pension Plan at 283.) While the case law recognizes that an entity involved solely in the selection of ERISA trustees can be considered

9

an ERISA fiduciary, that entity can be considered an ERISA fiduciary "only with respect to aspects of trustee selection." Schrader v. Trucking Employees of North Jersey Welfare Fund, Inc., 232 F. Supp. 2d 560, 569 (M.D. N.C. 2002)(citing Licensed Div. Dist. No. 1 MEBA/NMU, AFL-CIO v. Defries, 943 F.2d 474 (4th Cir. 1991)). Plaintiff has not alleged nor set forth any evidence that the Union Defendants engaged in a breach that relates to the selection of the trustees.

Third, Plaintiff originally put forth evidence indicating that American Dairy made all the pension payments on behalf of the Plaintiff to Teamsters Local No. 215 in Evansville, Indiana, during the period in question. (Hottenstein Supplemental Affidavit at ¶ 2). Case law from other jurisdictions suggests that where a person, including a union, is entrusted with funds for the remittance to a pension fund, that person is acting in a fiduciary capacity under ERISA. See Phelps v. C.T. Enterprises, Inc., 394 F.3d 213, 219 (4th Cir. 2005)(where an employer is entrusted with employee funds for remittance to a claims administrator, the employer is acting in a fiduciary capacity under ERISA) (citing Broadnax Mills, Inc. v. Blue Cross and Blue Shield of Virginia, 867 F. Supp. 398, 405 (E.D. Va. 1994)). However, while the original affidavit of Earl Hottenstein suggested an exercise of control over plan assets by the Teamsters Local No. 215, the evidence produced during discovery by Mr. Hottenstein and Ms. Wilma Madison refute Plaintiff's initial allegation.

At his deposition, Hottenstein admitted that his previous affidavits had been prepared for him and he didn't remember that much about them. (Earl Hottenstein Deposition at 15, 23.) Hottenstein testified that he was not definite as to where the pension payments were

made, but agreed that if the pension payments were required to be sent to the pension funds, then that is where they would have been sent. (Id. at 15-18.) Significantly, Wilma Madison testified that during the time period in question her job function with American Dairy included calculating and maintaining records regarding payments of pension benefits for all covered employees at American Dairy. (Wilma Madison Deposition at 4.) Madison testified that she sent the payments with accompanying invoices **directly** to the various pension plans. (Id. at 9-10, 12-13.) Additionally, invoices provided by Central States demonstrate that payments from American Dairy were deposited directly into Central States' bank account with the National Bank of Chicago. Accordingly, Plaintiff has not demonstrated that the Union Defendants were entrusted with the pension payments for remittance to the respective pension funds.

Fourth, the majority of the activities cited by Plaintiff as evidence of the Union Defendants' fiduciary status under ERISA appear to be activities normally engaged in by Unions during the collective bargaining process. Negotiation of the collective bargaining agreement and selection of the company to serve as the provider of benefits qualify as collective bargaining activities. Contrary to Plaintiff's argument, collective bargaining activities do not implicate fiduciary duties. See N.L.R.B. v. Amax Coal Co., 453 U.S. 322, 334-338 (1981); Hall v. Hill Refrigeration, Inc., 36 F. Supp. 2d 1185, 1189 (C.D. Cal. 1999); United Independent Flight Officers, Inc. v. United Air Lines, Inc., 756 F.2d 1262, 1268 (7th Cir. 1985)("a union is not a fiduciary while, or merely because, it is negotiating the terms and conditions of future pension benefits"); Grindstaff v. Green, 133 F.3d 416, 425 (6th Cir.

1998).

Finally, Teamsters Local No. 215's efforts to obtain information regarding American Dairy employees' pension benefits during 1978-1979 when American Dairy was bought by Prairie Farms/Ideal Dairy does not qualify them as ERISA fiduciaries. Courts generally agree that a "[u]nion's representation of the interests of its members should not be confused with the role of a fiduciary of the fund." Forys v. United Food and Commercial Worker's Intern. Union, AFL-CIO, and CLC, 829 F.2d 603, 607 (7th Cir. 1987). "A union's duty to seek favorable benefits for its members and to enter into the agreements necessary to ensure that a benefit plan can function do not make it a fiduciary of the plan." Schuppel v. Teamsters General Local Union No. 200, 2008 WL 1969758, *2 (E.D. Wis. May 2, 2008).

The correspondence cited by Plaintiff demonstrates that in its role "[a]s the exclusive collective bargaining representative for the employees of American Dairy," Teamsters Local No. 215 actively negotiated with Prairie Farms/Ideal Dairy in regards to it becoming a signatory to the collective bargaining agreement and participation agreement with Midwestern Teamsters Pension Fund. (DN 226, Appendix at 416-417, 433.) Additionally, in 1978 and 1979, while Teamsters Local No. 215 attempted to aid the American Dairy employees in obtaining information regarding their pension benefits, the record indicates that the Union was ultimately advised that any information regarding the individual employees' pension benefits would only be provided to the individual employees pursuant to ERISA. (Id. at 458-473.) Further, contrary to assertions by Plaintiff, Burklow is not mentioned in any of the correspondence produced by Teamsters Local No. 215 regarding the sale of American

Dairy because Burklow had left employment with American Dairy a year prior to the sale. Plaintiff has put forth no authority that this activity converts the Union Defendants to ERISA fiduciaries.[2]

Finding no genuine issues of material fact with regard to whether the Union Defendants qualify as ERISA fiduciaries under the facts of this case, the Court finds summary judgment in favor of the Union Defendants is proper on Plaintiff's ERISA breach of fiduciary duty claim. Having concluded that the Union Defendants are not fiduciaries under ERISA, the Court dismisses the remainder of the Plaintiff's ERISA claims against the Union Defendants as well.

### B. Preemption of State Law Claims

The Union Defendants argue that Plaintiff's state law breach of fiduciary duty claims are preempted by ERISA, and as a result, the Court should dismiss the state law claims.

ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). "[W]hen a state law claim may fairly be viewed as an alternative means of recovering benefits allegedly due under ERISA, there will be preemption." Briscoe v. Fine, 444 F.3d 478, 498 (6th Cir. 2006) (citation omitted). A plaintiff may not evade ERISA's expansive preemption by "merely attach[ing] new,

---

[2] Employees have a cause of action against their unions for breach of the union's duty of fair representation under § 301 of the Labor-Management Relations Act. See DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151 (1983). However, Plaintiff has not brought such a claim.

state-law labels to the ERISA claims for breach of fiduciary duty and recovery of benefits, for the apparent purpose of obtaining remedies that Congress has chosen not to make available under ERISA." Smith v. Provident Bank, 170 F.3d 609, 615 (6th Cir. 1999).

"In keeping with the Supreme Court's recognition of the broad scope of ERISA preemption, the Sixth Circuit 'has repeatedly recognized that virtually all state law claims relating to an employee benefit plan are preempted by ERISA.'" Marks v. Newcourt Credit Group, Inc., 342 F.3d 444, 452 (6th Cir. 2003)(citing Cromwell v. Equicor-Equitable HCA Corp., 944 F.2d 1272, 1276 (6th Cir. 1991)). See also Briscoe, 444 F.3d at 498 ("'[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted.'" Id. at 498 (quoting Aetna Health Inc. v. Davila, 542 U.S. 200, 209 (2004)). Thus, in deciding whether state-law claims are preempted by ERISA, the Court must consider "the kind of relief that plaintiff['s] seek, and its relation to the pension plan." Ramsey v. Formica Corp., 398 F.3d 421, 424 (6th Cir. 2005).

Furthermore, contrary to Plaintiff's argument, the fact that the Court has concluded that the Union Defendants are not ERISA fiduciaries does not affect the preemption analysis. State causes of action asserted by participants or beneficiaries against nonfiduciaries can be preempted by ERISA as well. See also Smith v. Provident Bank, 170 F.3d 609, 615-616 (6th Cir. 1999)(citing Custer v. Pan American Life Insurance Co., 12 F.3d 410, 418-419 (4th Cir. 1993)(holding that "state causes of action asserted [by beneficiaries] against nonfiduciaries are preempted by ERISA")).

Plaintiff claims that the Union Defendants, along with the other Defendants, breached their fiduciary duties owed Plaintiff under the common law of Kentucky, and that as the direct and proximate result, the pension payments for Plaintiff made by American Dairy were not fully and properly recorded such that Plaintiff has been denied the full benefits due him under the three Teamster pension plans. (Amended Complaint at ¶31, ¶32.) Plaintiff has specifically requested that all the Defendants be "held accountable for the fully and timely paid Teamster pension contributions made by American Dairy for [Plaintiff's] benefit." (Amended Complaint at ¶ 37.) Clearly, Plaintiff has brought this action for recovery of the full pension benefits to which he believes he is entitled.

Plaintiff's state law breach of fiduciary claim is essentially a claim for recovery of an ERISA plan benefit – pension benefits. This claim "relates to" the benefit plans at issue in this case. See, e.g., Daniel v. Eaton Corp., 839 F.2d 263, 266 (6th Cir. 1988). "Regardless of the availability of an ERISA action against [the Union Defendants], the relief provided by ERISA is the only relief available for the wrongs [Plaintiff] alleges." Smith v. Provident Bank, 170 F.3d 609, 615-616 (6th Cir. 1999)(citing Custer, 12 F.3d at 419 (holding that "state causes of action asserted [by beneficiaries] against nonfiduciaries are preempted by ERISA"). Accordingly, the Court finds that the Plaintiff's state-law claims against the Union Defendants preempted by ERISA.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** as follows:

1. The motion by Defendants, International Brotherhood of Teamsters and

Teamsters Local No. 215, to dismiss, or in the alternative, for summary judgment [DN 219] is **GRANTED**.

      2.      The motion by Plaintiff, Jimmie Burklow, for partial summary judgment on the issues of liability against Teamsters Local No. 215 and the International Brotherhood of Teamsters [DN 225] is **DENIED**.

cc: counsel of record